IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. BOSWORTH,<br><br>            Plaintiff,<br><br>  v.<br><br>CUBICON CORPORATION,<br><br>            Defendant.<br>                                                              / | No. C 16-02416 WHA<br><br>**ORDER (1) DENYING MOTION TO VACATE ARBITRATION AWARD; (2) GRANTING PETITION TO CONFIRM ARBITRATION AWARD; AND (3) VACATING HEARING** |

**INTRODUCTION**

On a petition to confirm an arbitration award, respondent moves to vacate the award. For the reasons stated herein, respondent's motion to vacate is **DENIED**. The petition to confirm arbitration award is **GRANTED**.

**STATEMENT**

Petitioner James Bosworth, an attorney from New Jersey, loaned a total of $500,000 to respondent Cubicon Corporation between December 2013 and August 2014. In return, Cubicon issued four convertible promissory notes to Bosworth. Each note had a five-year term, with an interest rate of 12 percent per annum, with 7 percent accumulating and 5 percent to be paid out monthly. Cubicon did not make monthly interest payments on any of the notes.

Initially, Bosworth did not pressure Cubicon to make payments. That changed in 2015 when Cubicon's president removed Bosworth from the board (Bosworth had been appointed to the Board only five months earlier). Bosworth demanded that the monthly interest payments on

the notes be paid pursuant to an "event of default" provision, which allowed Bosworth to demand payment of the entire amount due in the event of non-payment of interest.

In July 2015, Bosworth submitted a demand for arbitration to Judicial Arbitration and Mediation Services, Inc., based on Cubicon's alleged failure to make monthly interest payments as required by the notes. The parties agreed to the appointment of the Retired Judge Robert Baines as the sole arbitrator. Cubicon, however, refused to pay its share of the arbitrator's costs.

At an arbitration hearing in February 2016, both sides presented testimony and evidence. Two months later, the arbitrator issued a fifteen-page written decision, awarding Bosworth $500,000 plus interest as well as costs and $94,155.11 in attorneys' fees. Now, Bosworth petitions the Court to confirm the arbitration award and Cubicon moves to vacate it. Cubicon argues that the arbitration award must be vacated because the arbitrator's decision exhibited a manifest disregard of the law. Bosworth also requests post-award attorney's fees.

**ANALYSIS**

**1.  THE ARBITRATION AWARD.**

An arbitration award is immune from interference from the district court unless it falls within the narrowly prescribed grounds defined under federal law. Section 10(a) of the Federal Arbitration Act permits a district court to vacate an arbitration award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced, or (4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

A district court *must* confirm an arbitration award unless it is vacated pursuant to Section 10 or modified pursuant to Section 11 (not applicable here). *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (internal quotations omitted) (emphasis added). To obtain a vacatur of an arbitrator's decision, it is not enough to show that the arbitrator

committed an error, or even a serious error. *Stolt-Nielsen S.A. v. AminalFeeds International Corp.*, 559 U.S. 662, 671–72 (2010). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc).

Cubicon first argues, in passing, that the arbitrator demonstrated partiality. Specifically, Cubicon alleges that the arbitrator was biased against it because of its unwillingness to pay its fair share of the arbitration costs. Cubicon's assertion is unfounded. Where a party fails to pay required fees, JAMS Rule 26(b) permits the arbitrator to preclude that party from offering evidence of any affirmative claim at the hearing. Despite that rule, the arbitrator allowed Cubicon to assert affirmative defenses and present evidence — over Bosworth's objections. Cubicon does not offer any evidence or allege any facts even hinting at partiality or corruption in the arbitrator. Rather, Cubicon bases its allegation of bias solely on its disagreement with the unfavorable decision of the arbitrator.

Cubicon next argues that the arbitrator exceeded his powers. An arbitrator can be said to have exceeded his powers only when the award is "completely irrational" or exhibits a "manifest disregard of the law." *Kyocera*, 341 F.3d at 997. "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. To vacate an arbitration award on this ground, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (internal citations omitted).

Here, the arbitrator's award did not exhibit manifest disregard of the law. As such, Cubicon has not cleared the high hurdle necessary to vacate the arbitration award.

Cubicon contends for the first time that the notes themselves are invalid, alleging that "there was not a simultaneous exchange of consideration" (Mtn. to Vacate at 9). This argument is untimely. The arbitrator cannot be expected to look into the future and address arguments imagined by the loser after the fact.

3

1    Cubicon also contends that the notes were not executed by both parties and that the
2    arbitrator ignored this fact. This assertion is both incorrect and insufficient to support the
3    vacatur of the arbitration award. The arbitrator considered whether the notes were executed by
4    both parties and explicitly found that both Klausner and Bosworth signed the first note. Based
5    on the evidence presented at the hearing, the arbitrator also found that Klausner signed the
6    second and fourth notes, and only inadvertently failed to sign the third note (Arb. Award
7    at 5–6). Thus, the arbitrator did not ignore the issue of whether the parties executed the notes.
8    Moreover, our court of appeals has held that vacatur requires manifest disregard of the *law*, not
9    material facts. *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003).
10   Indeed, the arbitrator is not required to provide support for his findings, or to explain his
11   conclusions. *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009).

12   Cubicon next argues that Bosworth's loans were actually gifts (despite language to the
13   contrary in the notes that Cubicon itself executed). The arbitrator addressed this argument in
14   his final arbitration award. After noting that the argument was untimely, the arbitrator found
15   that there was no evidence supporting such an assertion (Arb. Award at 7). Cubicon argues that
16   the arbitrator erred by placing the burden upon Cubicon to prove that the funds were gifts.
17   Cubicon has not shown, however, that the arbitrator manifestly disregarded the law by refusing
18   to entertain an untimely and unsupported argument.

19   Cubicon also argues that it is not legally bound to repay Bosworth's first infusion of
20   $50,000 because he wired the money to Klausner before Cubicon was incorporated. Cubicon
21   ignores the fact that it subsequently executed a note for those funds that was signed by both
22   Klausner, as President of Cubicon, and Bosworth. This attempt to relitigate issues already
23   decided by the arbitrator does not warrant vacatur.

24   Cubicon also attempts to relitigate its unclean hands defense. Specifically, Cubicon
25   alleges that Bosworth used funds from his client's trust account to invest in Cubicon. Cubicon
26   argues that Bosworth was therefore acting as an agent when he invested the funds, but
27   misrepresented his "accredited investor" status in his investor questionnaire. Here, the
28   arbitrator found that Cubicon's allegations of misconduct were unsubstantiated. The arbitrator

4

1  also found that Cubicon failed to establish, by a preponderance of the evidence, that Bosworth
2  was acting as an agent when he invested in Cubicon (Arb. Award at 9–10).  It is not for the
3  Court to second-guess the factual findings of the arbitrator.  Cubicon has failed to show that the
4  arbitrator disregarded any law in making these factual findings.

Cubicon also challenges the arbitrator's award of attorney's fees, and in particular the arbitrator's conclusion that the rates requested by Bosworth reflected the reasonable market value of the legal services provided.  Notably, Cubicon did *not* submit a declaration to the arbitrator as to what might constitute reasonable rates; rather, Cubicon argued that the arbitrator should use a rate deemed reasonable by the California Court of Appeal in *Syers Properties III, Inc. v. Rankin,* 226 Cal. App. 4th 691, 695 (2014).  The arbitrator distinguished that decision, however, concluding that the instant matter involved more complicated issues and that the passage of multiple years called into question whether the rates approved in that case had continued relevance.  The arbitrator's decision to distinguish *Syers* does *not* amount to a "manifest disregard of the law."

### 2. REQUEST FOR POST-AWARD ATTORNEY'S FEES.

Finally, Bosworth makes a request for post-award attorney's fees and costs.  Bosworth's request is denied without prejudice because he has not complied with the civil local rules governing the procedure for requesting attorney's fees and costs.  These rules require: (1) that the motion be supported "by declarations or affidavits containing . . . [a] statement that counsel have met and conferred" regarding the motion, "or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference;" (2) "a statement of the services rendered by each person for whose services fees are claimed"; and (3) "[a] brief description of relevant qualifications and experience" and "the customary hourly charges" of persons for whose services fees are sought.  Civ. L. R. 54-5(b).  Bosworth has not complied with these requirements.  Accordingly, the request for post-award attorney's fees is **DENIED WITHOUT PREJUDICE**.

5

**CONCLUSION**

For the reasons discussed above, respondent's motion to vacate the arbitration award is **DENIED**. The petition to confirm the arbitration award is **GRANTED**. Petitioner's request for post-award attorney's fees and costs is **DENIED WITHOUT PREJUDICE**. Finding oral argument unnecessary, the Court hereby **VACATES** the hearing scheduled for August 4, 2016.

**IT IS SO ORDERED.**

Dated: August 2, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6